**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Loretta Wilson,<br><br>    Plaintiff,<br><br>v.<br><br>Tuba City Unified School District, et al.,<br><br>    Defendants. | No. CV-20-08151-PCT-GMS<br><br>**ORDER** |

Pending before the Court are Defendants the United States of America, Tuba City Unified School District, and Gloriana Woodie's Motions to Dismiss for Failure to State a Claim. For the following reasons, Defendant Tuba City Unified School District's Motion (Doc. 16) is denied, and Defendants the United States and Woodie's Motion (Doc. 28) is granted in part and denied in part.[1]

**BACKGROUND**

K.P., a minor, attended Tuba City High School, which is part of the Tuba City Unified School District ("Defendant TCUSD"). She alleges that a fellow student, K.D., "forcibly kissed and fondled" her on June 10, 2019. (Doc. 15 at 2.) She also alleges that she reported the assault shortly thereafter to Defendant Gloriana Woodie ("Defendant Woodie"), a counselor described as a federal employee and TCUSD agent. *Id.* at 3. After

---

[1] The Parties' requests for oral argument are denied because they have had an adequate opportunity to discuss the law and evidence and oral argument will not aid the Court's decision. *See Lake at Las Vegas Invrs. Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

receiving her report, Defendant Woodie allegedly dismissed K.P. and directed her to return to class without taking any action. *Id.* In the hall, K.D. attacked and sexually assaulted K.P. again before she left school. K.P. now brings the instant action through her legal guardian Loretta Wilson ("Plaintiff") against Defendants TCUSD, the United States, and Gloriana Woodie with her husband or wife, John Doe ("Defendants").

## DISCUSSION

### I. Legal Standards

#### a. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss a complaint for lack of subject matter jurisdiction. "The party asserting jurisdiction has the burden of proving all jurisdictional facts." *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Federal courts "possess only that power authorized by Constitution and statute," and therefore "[i]t is to be presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In effect, the court presumes lack of jurisdiction until the plaintiff proves otherwise. *See id.*

#### b. Rule 12(b)(6)

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise the right of relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When analyzing a complaint for failure to state a claim, "allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

**II.      Analysis**

    **a.  Defendants United States and Woodie's Motion to Dismiss**
        **i.  Counts Three and Four: Negligence and Negligence Per Se Under the FTCA**

Counts Three and Four allege negligence and negligence per se against Defendant Woodie and Counts Seven and Eight allege the same against the United States. The Federal Tort Claims Act ("FTCA") is the "remedy for tortious conduct by the United States, and it only allows claims against the United States." *F.D.I.C. v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998). "Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, . . . the United States shall be substituted as the party defendant. 28 U.S.C. § 2679(d)(1). This remedy is exclusive; "[a]ny other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded." 28 U.S.C. § 2679(b)(1); *Allen v. Veterans Admin.*, 749 F.2d 1386, 1388 (9th Cir. 1984) ( "The [FTCA] provides that the United States is the sole party which may be sued for personal injuries arising out of the negligence of its employees.")

Here, the Government has certified that Defendant Woodie was acting within the scope of her employment with the United States when the alleged tortious conduct occurred. (Doc 21-1.) The United States is therefore substituted as the party defendant for counts Three and Four. Because this substitution renders counts Three and Four duplicative of counts Seven and Eight, counts Three and Four are dismissed.

        **ii.  Count Five: Constitutional Violations**

Count Five alleges Defendant Woodie's acts and omissions violated K.P.'s civil and constitutional rights under 42 U.S.C. § 1983.

Section 1983 entitles plaintiffs to relief against state, not federal, actors. *See Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999); *Beasley v. Fed. Bureau of Investigation*, No. CV-19-04606-PHX-JJT, 2019 WL 3017609, at *1 (D. Ariz. July 10, 2019) ("[T]o state a § 1983 claim, a plaintiff must allege a state—not federal—

action."). Thus, "[t]here is no valid basis for a claim under section 1983" where a plaintiff's allegations "are against federal officials acting under color of federal law." *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987).

Defendants assert that Plaintiff has not adequately alleged that Defendant Woodie was a state actor acting under the color of state law. The Second Amended Complaint ("SAC"), however, plausibly alleges that Defendant Woodie was a state actor by claiming she "was operating as an employee or apparent agent of the Tuba City High School" and that she was acting "under the color of law" at the time of the incident. (Doc. 15 at 3, 9.) Defendants submit a declaration from the Chief Compliance Officer of the Tuba City Regional Heath Care Corporation in an effort to establish that Defendant Woodie had only federal authority. But in considering a motion to dismiss, the Court's review is limited to the allegations in the complaint, which must be construed as true; the Court may not consider a declaration. *See* Fed. R. Civ. P. 12(b)(6); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The parties' briefing about whether Defendant Woodie is a federal employee is thus not considered to the extent that it refers to facts omitted from the SAC.

The allegations of the complaint thus plausibly allege that Defendant Woodie was a state actor. Defendants' Motion to Dismiss the claim is denied.

### iii. Count Seven: Negligence Per Se
#### 1. A.R.S § 15-341(A)

Defendants assert that Plaintiff has not adequately alleged that Defendant Woodie's actions constituted negligence per se under Arizona Revised Statute § 15-341(A) because Defendant Woodie is not a school board member or employee. As explained above however, the SAC plausibly alleges that Defendant Woodie "was operating as an employee or apparent agent of the Tuba City High School." (Doc. 15 at 3, 9.) The Court cannot consider evidence outside the SAC to the contrary. *See* Fed. R. Civ. P. 12(b)(6); *Lee*, 250 F.3d at 688; *Cahill*, 80 F.3d at 337–38. Defendants' motion to dismiss Plaintiff's negligence per se claims brought pursuant to A.R.S § 15-341(A) is thus denied.

### 2. TCUSD Policies

Under Arizona Law, violation of rules and procedures adopted by an employer cannot constitute negligence per se. *Bryan v. S. Pac. Co.*, 79 Ariz. 253, 260, 286 P.2d 761, 765 (1955) ("[T]he rules of an employer adopted for the safe operation of its business have probative value in establishing whether a defendant-employer realized or should have realized that his conduct involved an unreasonable risk of injury" but "would not constitute negligence per se."); *see Petty v. Arizona*, No. CV-15-01338-PHX-DLR, 2015 WL 8139807, at *4 (D. Ariz. Dec. 8, 2015) (dismissing claims of negligence per se for violation of Arizona Department of Correction Policies). Like *Petty*, Plaintiff relies on the internal policies of public entities, Tuba City High School and TCUSD, to claim negligence per se.

Plaintiff, however, reasons that violation of School and District policies can constitute negligence per se because the rule applies to state regulations. *See Manhattan-Dickman Const. Co. v. Shawler*, 113 Ariz. 549, 553, 558 P.2d 894, 898 (1976). Indeed, in *Manhattan-Dickman*, the Arizona Supreme Court found that violation of the General Construction Safety Code adopted by the industrial commission of Arizona could constitute negligence per se. *Id.* But there, the Code was specifically authorized by Arizona law. *Id.* Plaintiff offers no authority suggesting TCUSD and Tuba City High School policies should be construed analogously, and the Court can find no law authorizing these internal policies. Thus, to the extent that Count Seven's claims are based on allegations that Tuba City High School and TCUSD's policies establish negligence per se, Defendants' motion to dismiss is granted and the claim is dismissed with prejudice.

### iv. Count Eight: Negligence

Arizona follows the Restatement (Second) of Agency § 213 for negligent hiring, supervision, and training claims, *Kassman v. Busfield Enterprises, Inc.*, 131 Ariz. 163, 166, 639 P.2d 353, 356 (Ct. App. 1981), which provides that "[a] person conducting an activity through servants or other agents is subject to liability for harm resulting from his conduct if he is negligent" in giving improper instruction, in the employment of improper persons, or in the supervision of the activity. Restatement (Second) of Agency § 213 (emphasis

added). A claim for negligence requires a showing of duty, breach, cause, and damages. *Gipson v. Kasey*, 214 Ariz. 141, 143, 150 P.3d 228, 230 (2007); *see also Guerra v. State*, 234 Ariz. 482, 489, 323 P.3d 765, 772 (Ct. App. 2014) ("To prevail on a negligent training claim, a plaintiff must show a defendant's training or lack thereof was negligent and that such negligent training was the proximate cause of a plaintiff's injuries."), *vacated on other grounds*, 237 Ariz. 183, 348 P.3d 423 (2015).

Plaintiffs have plead the necessary elements of a claim for negligent training or supervision. Although Defendants assert that Plaintiffs' allegations do not adequately address how the United States' omissions caused K.P.'s injuries, the Second Amended Complaint alleges sufficient facts to state such a claim. Plaintiffs allege "[t]he United States and Ms. Woodie's supervisors, failed to adequately train and supervise Ms. Woodie under the 'High School Teen Clinic' program." (Doc. 15 at 12). They also allege that the "violation of Plaintiff's constitutional and other rights was caused by the conduct of Ms. Woodie by TCUSD and by her federal employer," and that "failure to train was reckless and deliberately indifferent to the rights and wellbeing of K.P." *Id.* at 10. These facts sufficiently allege that the omission of training proximately caused the alleged misconduct.[2]

### b. Defendant TCUSD's Motion to Dismiss Count 5

Count Five alleges Defendant Woodie's acts and omissions violated K.P.'s civil and constitutional rights under 42 U.S.C. § 1983.

#### i. Pleading a Policy or Custom

Under § 1983, a municipality cannot be held liable for the acts of its employees

---

[2] Defendants also argue that Count Eight must be dismissed with prejudice because the Court lacks subject matter jurisdiction. Plaintiffs are correct that the FTCA applies only to "the negligent or wrongful act or omission of any employee of the United States while acting within the scope of his office or employment," not to generalized theories of negligence asserted against the staff and employees of federal institutions as a whole. See 28 U.S.C.A. § 1346(b)(1) (emphasis added). The complaint, however, refers to an employee, rather than the United States as a whole by alleging Ms. Woodie's supervisors failed to train her. Defendants offer no authority for their assertion that because the supervisors are not identified by name, the court is stripped of subject matter jurisdiction.

based solely on a *respondeat superior* theory. Rather, municipalities are only responsible for "their *own* illegal acts." *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986). Further, "[i]n order to establish municipal liability, a plaintiff must show that a 'policy or custom' led to the plaintiff's injury." *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). Plaintiffs must "demonstrate that the policy or custom of a municipality reflects deliberate indifference to the constitutional rights of its inhabitants." *Id.* (quoting *City of Canton v. Harris*, 489 U.S. 378, 392 (1989)).

A plaintiff may also prove a failure-to-train claim without showing a pattern of constitutional violations where a violation "may be a highly predictable consequence of a failure to equip [employees] with specific tools to handle recurring situations." *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1186 (9th Cir. 2006) (internal quotation marks and citation omitted). However, only a "narrow range of circumstances" could prove that a municipalities' failures created a highly predictable risk of constitutional violations. *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 409 (1997); *see City of Canton*, 489 U.S. at 390 n.10 (explaining that failing to train armed officers on the constitutional limitations of deadly force could be a failure that would create such an obvious risk that it could be properly characterized as "deliberate indifference.").

The SAC does not allege that Defendant TCUSD had a practice or policy of failing to train employees. It does, however, plausibly allege that constitutional violations were a highly predictable consequence of a failure to train Defendant Woodie. The Second Amended Complaint alleges that "employers, supervisors, and principals of Ms. Woodie failed to implement procedural safeguards, to preserve student safety involving serious offenses and to prevent constitutional violations." (Doc. 15 at 10.) Such a failure, Plaintiff alleges, places Defendants "on constructive notice that its failure to train would likely result in Constitutional violations" because it "was reckless and deliberately indifferent to the rights and well-being of K.P." *Id.* These allegations plausibly allege that K.P.'s assault was a highly predictable consequence of Defendant TCUSD's failure to train its employees

about constitutional safeguards. The Motion to Dismiss for failure to allege a policy or custom is therefore denied.

### ii. The Constitutional Duty to Protect from Third Parties

To succeed on a § 1983 claim, a plaintiff must show that she was deprived of a federal constitutional or statutory right. *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971 (9th Cir. 2011). However, as a general rule, the Constitution does not guarantee any affirmative right to government aid or protection from third parties. *Patel*, 648 F.3d at 971; *see Morgan v. Gonzales*, 495 F.3d 1084, 1092 (9th Cir. 2007) ("As a general rule, the government is not liable for the actions of third parties."). "There are two exceptions to this rule: (1) when a 'special relationship' exists between the plaintiff and the state (the special-relationship exception); and (2) when the state affirmatively places the plaintiff in danger by acting with 'deliberate indifference' to a 'known or obvious danger' (the state-created danger exception)." *Id.* at 971–72 (internal citations omitted).

Plaintiff alleges that the state-created danger exception establishes that K.P.'s federally protected rights were violated. For the state-created danger exception to apply, the state must (1) engage in affirmative conduct that places the plaintiff in danger; and (2) act "with deliberate indifference to a known or obvious danger." *Patel*, 648 F.3d at 974.

First, to determine whether an actor affirmatively placed an individual in danger, courts examine whether the individual "left the person in a situation that was more dangerous than the one in which they found [her]." *Munger v. City of Glasgow Police Dep't*, 227 F.3d 1082, 1086 (9th Cir. 2000). "[A] state actor cannot affirmatively place an individual in danger merely by failing to act, regardless of how reprehensible that failure may be." *J.K. v. Ariz. Bd. of Regents*, No. CV06-916-PHX-MHM, 2008 WL 4446712, at *5 (D. Ariz. Sept. 30, 2008); *see Johnson v. City of Seattle*, 474 F.3d 634, 641 (9th Cir. 2007) (holding that a state official's decision to switch from an aggressive operation plan to a more passive one "was not affirmative conduct that placed the . . .[p]laintiffs in danger, because it did not place them in any worse position than they would have been in had the police not come up with any operational plan whatsoever").

Second, deliberate indifference to a known or obvious danger requires a "culpable mental state." *Patel*, 648 F.3d at 974. "The state actor must 'recognize[ ] [an] unreasonable risk and actually intend[ ] to expose the plaintiff to such risks without regard to the consequences to the plaintiff.'" *Id.* (alteration in original).

Plaintiff argues that Defendant Woodie was deliberately indifferent to the danger she created or exacerbated by dismissing K.P. after she reported an assault to her in an office or conference room. (Doc. 15 at 3, 9.) Thus, the action Plaintiff argues fits within this exception is Ms. Woodie's decision to return K.P. to the classroom after they met. Construed in a light most favorable to the Plaintiff, this order could have "affirmatively created an actual, particularized danger [that the plaintiff] would not otherwise have faced." *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1061 (9th Cir. 2006). Plaintiff alleges that Defendant Woodie "sent K.P. from the safety of her office or conference room to the known danger of an unsupervised hallway of Tuba City High School where K.D. was waiting unabated." (Doc 15 at 9.) The facts as pled—that Defendant Woodie knowingly sent K.P. directly into a hall where K.D. was waiting—are sufficient to allege that the harm she faced was increased because she was returned to the hallway. The Court draws no conclusions about the sufficiency of any other factual alternatives. Further, because Plaintiff alleges that Defendant Woodie was aware of the first assault, they have plausibly alleged that she acted with deliberate indifference to the danger she created. The Defendant's motion to dismiss Count Five is therefore denied.

## CONCLUSION

Accordingly, Defendant TCUSD's Motion is denied and Defendants United States and Woodie's Motion is granted in part and denied in part.

**IT IS THEREFORE ORDERED** that Defendant Tuba City Unified School District's Motion to Dismiss (Doc. 16) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants United States of America and Woodie's Motion to Dismiss (Doc. 28) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Claims Three and Four are dismissed with prejudice.
2. Claim Seven is dismissed with prejudice to the extent it relies on Tuba City High School or Tuba City Unified School District Policies to claim negligence per se.
3. Defendants' Motion to Dismiss is denied as to all other claims.

Dated this 3rd day of December, 2020.

_____
G. Murray Snow
Chief United States District Judge