**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Loretta Wilson,<br><br>        Plaintiff,<br><br>v.<br><br>Tuba City Unified School District, et al.,<br><br>        Defendants. | No. CV-20-08151-PCT-GMS<br><br>**ORDER** |

Pending before the Court is Defendant Tuba City Unified School District's ("the District") Motion for Reconsideration of the Court's Order denying the District's Motion to Dismiss Count 5 of the Complaint. (Doc. 33.) For the following reasons, the Motion is denied.

## BACKGROUND

The facts in this case are set forth in the Order denying the District's Motion to Dismiss Count 5 of the Complaint. (Doc. 31.) In that Order, the Court found that Plaintiff had stated a claim under 42 U.S.C. § 1983 because the Second Amended Complaint alleged that Defendant Woodie's affirmative acts caused K.P.'s harm and that constitutional violations were a highly predictable consequence of failing to train Defendant Woodie. *Id.* at 7–9. The District now contends that the Court erred by allowing Plaintiff's claims to proceed.

**DISCUSSION**

"The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." L.R. Civ. P. 7.2(g)(1); *see also Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (noting that motions to reconsider are appropriate only if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law"), *cert. denied*, 512 U.S. 1236; *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003) (holding that a motion for reconsideration is appropriate only when there is newly-discovered fact or law, newly-occurring facts, a material change in the law, or upon a convincing showing that the Court failed to consider material facts that were presented before the initial decision). A motion for reconsideration is an inappropriate vehicle to ask the Court to "rethink what the court has already thought through—rightly or wrongly." *See United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). "Arguments that a court was in error on the issues it considered should be directed to the court of appeals." *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995) (quoting *Refrigeration Sales Co., Inc. v. Mitchell-Jackson, Inc.*, 605 F. Supp. 6, 7 (N.D. Ill. 1983)).

The District asserts that the Court should reconsider its Order because (1) *DeShaney* establishes that a State's inaction does not give rise to a constitutional wrong; and (2) Plaintiff's *Monell* claim should fail because the complaint does not identify a district policy maker.

First, the District incorrectly suggests that the Court's reasoning turned on Defendant's Woodie's failure to act. The Court explicitly limited its holding to the Plaintiff's allegations of affirmative conduct:

> Plaintiff alleges that Defendant Woodie "sent K.P. from the safety of her office or conference room to the known danger of an unsupervised hallway of Tuba City High School where K.D. was waiting unabated." (Doc 15 at 9.)

> The facts as pled—that Defendant Woodie knowingly sent K.P. directly into a hall where K.D. was waiting—are sufficient to allege that the harm she faced was increased because she was returned to the hallway. The Court draws no conclusions about the sufficiency of any other factual alternatives.

(Doc. 31 at 9.) The District's assertion that "[a]t worst, Woody was aware of a danger to K.P. and chose not to intervene" is therefore inaccurate. Plaintiff's allegations go beyond mere inaction, and *DeShaney* does not foreclose the claim.

Second, Plaintiff plausibly alleges that constitutional violations were a highly predictable consequence of a failure to train Defendant Woodie without identifying the District actor by name. The Second Amended Complaint alleges that "employers, supervisors, and principals of Ms. Woodie failed to implement procedural safeguards, to preserve student safety involving serious offenses and to prevent constitutional violations," and that such a failure placed Defendants "on constructive notice that its failure to train would likely result in Constitutional violations" because it "was reckless and deliberately indifferent to the rights and well-being of K.P." (Doc. 15 at 10.) Bare disagreement with the Court's finding that these allegations state a claim is insufficient to warrant reconsideration, and the District offers no authority establishing that failure to identify a policy maker forecloses the claim. The District's Motion for Reconsideration is therefore denied.

## CONCLUSION

For the reasons stated above, the District's Motion for Reconsideration is Denied.

**IT IS THEREFORE ORDERED** that Defendant Tuba City Unified School District's Motion for Reconsideration (Doc. 33) is **DENIED.**

Dated this 28th day of January, 2021.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge